UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KEVIN P. BRENNAN,

                Plaintiff,

-against-

UNITED STATES DEPARTMENT OF JUSTICE; SECURITIES AND EXCHANGE COMMISSION; FEDERAL BUREAU OF INVESTIGATION,

                Defendants.

18-CV-3647 (CM)

ORDER OF DISMISSAL

---

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action for money damages and declaratory and injunctive relief, alleging that Defendants violated his constitutional rights. By order dated June 12, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

### STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff was arrested in June 2012, in Pittsburgh, Pennsylvania, and was subsequently convicted of securities fraud in the United State District Court for the Southern District of Florida. *See United States v. Brennan*, No. 12-CR-60064 (JIC) (S.D. Fla. June 27, 2013). Plaintiff was sentenced to 75 months in prison and after serving approximately five years in prison, he was released and is currently under house arrest.

Plaintiff asserts that venue is proper in this district because "the alleged acts complained [of] by the government would have occurred as a result of transactions relating to the NASDAQ stock market, which is located in the Southern District of New York." (Compl. at ¶ 2.)

Plaintiff alleges that he "was denied his right to a fair process, by the defendants from the indictment through the trial and sentencing hearing until the present, in violation of his Fifth Amendment right to due process." *(Id.* at ¶ 23.) He alleges further that he was denied the right to confront the witnesses against him and that he was denied the right to have a competent attorney represent him.

## DISCUSSION

**I.      Sovereign Immunity**

The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Therefore, to the extent that Plaintiff seeks to assert claims against these defendants, which are federal agencies, the Court must dismiss Plaintiff's claims.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[1] The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or

2

## II. Claims under Bivens

The Court liberally construes the complaint as an attempt to raise claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action must be brought against an individual for the individual's own acts. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017). More importantly, a plaintiff seeking a *Bivens* remedy must be able to point to a violation of his or her rights.

Here, Plaintiff asserts that the Defendants –federal agencies – violated his rights. Plaintiff's claim fails because he cannot assert a *Bivens* claim against these entities. Therefore, the Court must dismiss Plaintiff's claims under *Bivens*. 28 U.S.C. § 1915(e)(2)(B)(ii).

To the extent that Plaintiff seeks to challenge his conviction, the proper vehicle is a motion under 28 U.S.C. § 2255. A federal prisoner seeking relief under § 2255 must generally file a motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f).

Because Plaintiff was convicted and sentenced in the United States District Court for the Southern District of Florida, he must file his motion in the Southern District of Florida.

---

agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). But before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013). Here, Plaintiff does not name individuals as defendants and there is no indication that he has exhausted his administrative remedies under the FTCA.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 28, 2018
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge